[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11671

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL TYRONE LINDSEY,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00044-MCR-1

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Tyrone Lindsey appeals his twenty-year total sentence for possession with intent to distribute 50 grams or more of methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. Lindsey was sentenced to a fifteen-year minimum penalty on the felon-in-possession count under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had three prior convictions for a "violent felony" or "serious drug offense." He was also sentenced to a fifteen-year minimum penalty on the possession-with-intent-to-distribute charge under 21 U.S.C. § 841(b)(1)(A) because he had a prior conviction for a "serious drug felony." On appeal, Lindsey objects to both statutory enhancements, arguing that his two prior Florida-law convictions for cocaine-related offenses cannot be counted toward either enhancement.

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under ACCA, 18 U.S.C. § 924(e). *United States v. Conage*, 976 F.3d 1244, 1250 (11th Cir. 2020). Under the categorical approach, we consider only the statutory definition of the state offense rather than the facts of the crime itself. *Id.* A state conviction qualifies as a serious drug offense only if the statute under which the defendant was convicted defines the offense in the same way as, or more narrowly than, ACCA's definition of a serious drug offense. *Id.*

Lindsey bases his argument on *United States v. Jackson* (*Jackson I*), 36 F.4th 1294 (11th Cir. 2022). There, we held that ACCA's definition of a serious drug offense incorporates the version of the federal drug schedules in effect when the defendant commits the federal gun offense for which he is being sentenced. *Id.* at 1300. Ioflupane, a cocaine derivative, was criminalized in Florida until 2017 but was removed from the federal drug schedules in 2015. *Id.* at 1301–03. Lindsey argues that his two Florida-law cocaine-related convictions—for offenses committed in 2003 and 2009—thus should not qualify as serious drug offenses, because the definition of cocaine under Florida law at the time was broader than the federal definition at the time of his firearm charge.

Under *Jackson I*, this was likely a winning argument. *See id.* at 1304. But as Lindsey acknowledges, we vacated the opinion in *Jackson I* and issued a superseding opinion, *United States v. Jackson* (*Jackson II*), 55 F.4th 846 (11th Cir. 2022). In *Jackson II*, we instead held that ACCA's definition of a serious drug offense incorporates the version of the federal drug schedules in effect at the time of the defendant's prior state drug offense, not the later federal firearm offense. *Id.* at 861. And after briefing concluded in this appeal, the Supreme Court affirmed our *Jackson II* decision in *Brown v. United States*, 144 S. Ct. 1195 (2024). Therefore, because Florida's definition of cocaine matched the federal definition in 2003 and 2009 when Lindsey committed his prior state offenses, both qualify as serious drug offenses under ACCA, 18 U.S.C. § 924(e). *See Jackson II*, 55 F.4th at 861; *Brown*, 144 S. Ct. at 1202, 1204.

4                    Opinion of the Court                    23-11671

Finally, the definition of "serious drug felony" under 21 U.S.C. § 841(b)(1)(A) incorporates the definition of "serious drug offense" under ACCA, 18 U.S.C. § 924(e)(2). *See* 21 U.S.C. § 802(57). Additionally, the offender must have "served a term of imprisonment of more than 12 months" and his "release from any term of imprisonment" must be "within 15 years of the commencement of the instant offense." *Id.* These latter two elements were met for Lindsey's 2009 conviction. So our conclusion that the 2009 conviction qualifies as a "serious drug offense" under ACCA mandates the conclusion that it also qualifies as a "serious drug felony" under 21 U.S.C. § 841(b)(1)(A).

**AFFIRMED.**